UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOSEPH SHANE ENDICOTT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-CV-0660-ODS |
| BRAD DELAY, et al., | ) |
| Defendants. | ) |

ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND (2) GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT

Pending is Defendant Dr. Karren Dorey's ("Dr. Dorey") Motion to Dismiss and Motion to Strike. Doc. #23, Doc. #40.

## I. BACKGROUND

Plaintiff Joseph Shane Endicott ("Plaintiff") was a pretrial detainee at Lawrence County Jail in Mt. Vernon, Missouri. He filed a Complaint against various defendants, including Dr. Dorey, asserting claims under 42 U.S.C. § 1983. Plaintiff's claim against Dr. Dorey is based on her alleged deliberate indifference to Plaintiff's medical needs.

## II. LEGAL STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]. *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

### III. DISCUSSION

While a convicted prisoner's claim of deliberate indifference is rooted in the Eighth Amendment, a pretrial detainee's claim of deliberate indifference is rooted in "the due process clause of the Fourteenth Amendment…" *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *see also Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). Despite the different Constitutional sources of these claims, a pretrial detainee's claim is analyzed under the same "deliberate-indifference standard that governs claims brought by convicted inmates under the Eighth Amendment." *Jackson*, 756 F.3d at 1065.

The deliberate indifference standard "involves both an objective and a subjective component." *Dulaney v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A plaintiff must establish "(1) that they suffered objective serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* "A serious medical need is one that even a layperson would easily recognize the necessity for a doctor's attention." *Vaughn v. Greene Cty., Ark.*, 438 F.3d 845, 851 (8th Cir. 2006) (internal quotations and citations omitted). Deliberate disregard "includes something more than negligence but less than actual intent to harm; it requires proof of a reckless

2

disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001) (internal quotations and citations omitted).

Dr. Dorey argues Plaintiff does not plead that (1) Plaintiff suffered an objectively serious medical need, or (2) that Dr. Dorey actually knew of Plaintiff's alleged serious medical need. The facts alleged in the Complaint construed in the light most favorable to Plaintiff indicate the following:[1] On July 4, 2015, at 11:30 a.m. Plaintiff and other inmates filed a grievance form requesting medical attention, all of them "suffering from the same symptoms" due to black mold in the jail. Doc. #1, page 8; Doc. #1-1, page 10. A medical professional was notified at 3:30 p.m. of the prisoners' request for medical attention. Doc. #1-1, page 10. Because Plaintiff had not received a response to his request for medical attention, he filed another grievance form at 6:00 p.m. Doc. #1-1, page 11. Plaintiff received a response at approximately 7:30 p.m. and was told to drink "lots of water." Doc. #1, pages 8-9. Days later, Plaintiff saw a nurse who called Dr. Dorey. Doc. #1, page 9. Dr. Dorey concluded Plaintiff only had a common cold and instructed the nurse not to give Plaintiff any medical treatment. *Id.* Plaintiff suffered actual injury from the black mold. Doc. #1, page 30.

Plaintiff fails to adequately identify what his "serious medical needs" were, and instead makes only vague references to "symptoms" and being "sick." Further, Plaintiff's Complaint fails to sufficiently demonstrate Dr. Dorey was ever informed of or actually knew about Plaintiff's serious medical need. Accordingly, Plaintiff's allegations do not comport with the pleading requirements set forth in *Ashcroft v. Iqbal*. The Court dismisses without prejudice Plaintiff's claim against Dr. Dorey, but grants Plaintiff leave to amend his Complaint with respect to his claim against Dr. Dorey.

Finally, Dr. Dorey claims Plaintiff does not sufficiently plead that he exhausted his administrative remedies with respect to Dr. Dorey. Plaintiff attached several grievance forms as exhibits to his Complaint. It is not entirely clear what more Plaintiff could have

---

[1] Dr. Dorey argues several times that the Court should not consider any matters outside the four corners of the Complaint. Dr. Dorey apparently is referring to several grievance forms Plaintiff attached to his Complaint. The Court finds this argument unpersuasive. First, the "Complaint Form" Plaintiff filled out instructed Plaintiff to attach copies of the grievance forms. Doc. #1, page 4. Second, the Court can consider documents fairly embraced by the Complaint. *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004); *Mattes v. ABC Plastics, Inc.*, 323 F. 3d 695, 697 n.4 (8th Cir. 2003). Therefore, to the extent Dr. Dorey advances this argument, her Motion to Dismiss is denied.

done; nor does Dr. Dorey identify what additional steps Plaintiff should have taken. Regardless, the Court has granted Plaintiff leave to amend his Complaint; and thus, Plaintiff can ameliorate the alleged pleading deficiency, if any, on this matter in his Amended Complaint.

## IV.    CONCLUSION

Dr. Dorey's Motion to Dismiss is granted in part and denied in part. Plaintiff is granted leave to amend his Complaint with respect to his claim against Dr. Dorey. Plaintiff's Amended Complaint shall be filed on or before May 11, 2016. Failure to file an Amended Complaint on or before May 11, 2016 will result in dismissal of Plaintiff's claim against Dr. Dorey. In light of this Order, Dr. Dorey's Motion to Strike is deemed moot.


IT IS SO ORDERED.


DATE: April 22, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT