UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JOSEPH SHANE ENDICOTT,           )
                                 )
        Plaintiff,                )
                                 )
    vs.                          )    Case No. 15-CV-0660-ODS
                                 )
BRAD DELAY, et al.,              )
                                 )
        Defendants.              )

ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS
AND MOTION TO MODIFY THE SCHEDULING ORDER

Pending are Plaintiff's motion to stay proceedings, and motion to modify the scheduling order. Docs. #105, 107. For the following reasons, both motions are denied.

In order to address Plaintiff's recently filed motions, the Court finds it necessary to give a brief overview of the history of this matter, particularly Plaintiff's delays and hindrances to the proceedings. In August 2015, at which time he was pro se, Plaintiff filed a complaint against various defendants, asserting claims under 42 U.S.C. § 1983. Doc. #1. In December 2015, an entry of appearance on behalf of Plaintiff was filed by counsel at Whiteaker & Wilson, P.C.[1] Doc. #27. Immediately thereafter, the Court granted Plaintiff an extension of time to respond to a motion to dismiss. Doc. #29. In March 2016, Plaintiff did not respond to a motion to strike, requiring the Court to issue an order directing Plaintiff to show cause, to which he did not respond. Docs. #45, 47. In May 2016, the Court granted Plaintiff's counsel's request to withdraw. Docs. #51, 64.

In September 2016, the Court granted Plaintiff's motion to appoint counsel. Doc. #79. In October 2016, Dorothy L. Savory entered her appearance on behalf of Plaintiff. Doc. #80. The Court vacated the amended scheduling order,[2] and directed the parties

---

[1] Robert Torp signed the entry of appearance, but the entry was filed by Stuart P. Hoffman's CM/ECF account. Thus, it was unclear which attorney was entering an appearance, or if both were entering appearances.
[2] The scheduling order was amended once prior to September 2016. Doc. #72.

to submit a joint proposed scheduling order. Doc. #79. Shortly thereafter, the Court scheduled the trial to begin on March 5, 2018. Doc. #82.

On April 3, 2017, the Court granted Plaintiff's motion for extension of time to amend pleadings and join parties. Doc. #85. Plaintiff, however, did not seek to amend the pleadings or join parties. On July 26, 2017, the Court held a telephone conference with the parties to discuss discovery and scheduling matters. Doc. #88. The Court again amended the scheduling order, and continued the trial to July 30, 2018. *Id.* Due to a scheduling conflict, the trial was continued to August 20, 2018. Doc. #89. On January 12, 2018, the Court granted the parties' request to amend the scheduling order, and amended the scheduling order, yet again, setting the trial for December 3, 2018.

On June 15, 2018, Defendants filed their motion for summary judgment. Doc. #93. Plaintiff did not respond to the motion. Although the Court could have treated Defendants' motion as ripe for consideration due to Plaintiff's lack of response, the Court directed Plaintiff to show cause why the Court should not grant Defendants' motion. Doc. #95. On July 24, 2018, Plaintiff moved for an extension of time to respond to Defendants' motion. Doc. #96. The Court granted the request, and directed Plaintiff to file his response by August 31, 2018. Doc. #97.

Instead of filing his response, as directed by the Court, Plaintiff moved to stay the proceedings pending discovery. Doc. #98. On September 5, 2018, the Court denied Plaintiff's motion, and again directed Plaintiff to respond to Defendants' summary judgment motion by October 1, 2018. In denying Plaintiff's motion, the Court stated:

> Plaintiff's counsel shall do whatever she deems necessary to respond to Defendants' motion. This includes but is not limited to meeting with her client. If Plaintiff fails to file a response to Defendants' motion by October 1, 2018, the Court will deem Defendants' motion ripe, and will issue a ruling in due course. No further extensions of time will be granted.

Doc. #103. On September 10, 2018, Defendants filed a suggestion of death as to Defendant Donovan Blakely. Doc. #104.

Instead of responding to the summary judgment motion on October 1, 2018, as directed by the Court again, Plaintiff filed a motion to stay proceedings pending substitution of Blakely, and a motion to modify the scheduling order. Neither motion provides an explanation as to why Plaintiff has not responded to the summary judgment

2

motion.  Regardless, substitution of Blakely, who was sued in his individual capacity only, does not affect Plaintiff's ability to respond to Defendants' summary judgment motion.  Further, discovery is unnecessary because if a motion for substitution was filed and granted, the Court, in all likelihood, would be substituting Blakely's estate for Blakely.  Plaintiff's request for additional discovery is yet another in a long line of requests, the effect of which is to delay the case.  Plaintiff's similar motion to stay proceedings was denied on September 5, 2018, and he has provided no justification for further extending the life of an already prolonged case.  Accordingly, Plaintiff's motions are denied.

IT IS SO ORDERED.

DATE: October 5, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT